UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2006-3 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2006-3, <br><br> Plaintiff <br><br> v. <br><br> NANCY E. MESSERVEY, <br><br> Defendant | No. 1:12-cv-07718 <br><br> Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

Deutsche Bank Trust Company Americas ("Deutsche Bank") filed this mortgage foreclosure action against Nancy E. Messervey ("Messervey") for a property at 8 Hastings Lane in Lincolnshire, Illinois. The Court now considers Deutsche Bank's unopposed Motion for Summary Judgment. For the reasons stated below, the motion is granted and judgment is entered against Messervey.

**I.     BACKGROUND**

   **A.     Undisputed Material Facts.**

The following facts are taken exclusively from Deutsche Bank's Local Rule 56.1(a)(3) statement (ECF No. 22, referred to herein as Pl.'s 56.1(a) Stmt.). Messervey did not file a

response to Deutsche Bank's 56.1(a) statement, nor any statement of additional material facts pursuant to Local Rule 56.1(b)(3)(C).[1]

As a consequence of Messervey's failure to respond to Deutsche Bank's statement of material facts, all facts in Deutsche Bank's statement are deemed admitted. *See* Local Rule 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."). The Court must still construe those uncontroverted facts in the light most favorable to Messervey, the nonmoving party, as well as draw all reasonable inferences in her favor. *See Keeton v. MorningStar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

On June 26, 2006, Messervey borrowed $315,000 from Saxon Mortgage, Inc. ("Saxon"), and executed a note ("Note") in favor of Saxon in exchange for the money. Pl.'s 56.1(a) Stmt. ¶¶ 1, 2. Messervey agreed to pay 8.35 percent in interest at a yearly rate, as well as taxes, insurance, and any other escrow items that may apply. *Id.* at ¶¶ 3-4. She also agreed to make monthly payments on the first day of every month in the amount of $2,273.37. *Id.* at ¶ 5.

Saxon secured its interests in the Note by filing a mortgage ("Mortgage") with the Lake County Recorder, which recorded the Mortgage on July 14, 2006. *Id.* at ¶ 7. The Mortgage covered the property at the common address 8 Hastings Lane, Lincolnshire, IL 60069 ("Property"). *Id.* at ¶ 9. The Mortgage describes the Property, and further provides that the Mortgage "secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; (ii) the performance of Borrower's covenants and agreement under this Security Instrument and the Note." *Id.* at ¶¶ 8-10.

---

[1] See N.D. Ill. R. 56.1(b)(3)(A)-(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.").

The Mortgage stipulates that the Note is fully secured, and that

> [i]f the default is not cured … Lender at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorney's fees and cost of title evidence.

*Id.* at ¶ 11; Mortgage ¶ 22 (ECF No. 22-2).

The same day that Messervey executed the Note with Saxon, Saxon executed an Assignment of Mortgage ("Assignment") to Deutsche Bank. Pl.'s 56.1(a) Stmt. ¶ 12. The Assignment provides that Saxon "sells, transfers, assigns, grants, conveys and sets over the Security Instrument and the indebtedness described therein, all of [Saxon's] right, title and interest in the Security Instrument and indebtedness, and all of [Saxon's] title and interest in the Property to [Deutsche Bank], forever." Assignment 3 (ECF No. 22-3). Deutsche Bank had possession of the Note at the time it filed its Complaint, and continues to have possession of the Note. Pl.'s 56.1(a) Stmt. ¶ 6.[2]

Messervey has failed to submit payments since April 1, 2012, and through the present. *Id.* at ¶ 13. The outstanding balance due as of January 8, 2013, is $339,662.05, with interest accruing

---

[2] There are certain wrinkles in the record that require mention. First, the Assignment was acknowledged on June 26, 2006, but the Mortgage was not recorded with the Lake County Recorder until July 14, 2006. Second, the Assignment itself was not recorded with the Lake County Recorder until, apparently, six years later, on October 19, 2012—several weeks *after* Deutsche Bank filed its complaint to foreclose Messervey's Mortgage. (Assignment 1 (ECF No. 22-3)). The Assignment attached to Deutsche Bank's Motion for Summary Judgment includes a cover sheet reflecting a recording date of 10/19/12 and stating, "This cover page has been attached to the document for the purpose of affixing Recording information. It is a permanent part of the document …." Nonetheless, this Court is satisfied that Deutsche Bank has standing in this lawsuit. Under Illinois law, a person entitled to enforce an instrument includes the "holder of the instrument." 810 ILCS 5/3-301(i). The record shows that Deutsche Bank was in possession of the Mortgage and the Note at the time it filed its Complaint, and continues in possession of both.

3

on the unpaid principal balance at $10.55 per day, plus attorney's fees, foreclosure costs, late charges, advances, and expenses incurred by Deutsche Bank as a result of the default. *Id.* at ¶ 14. Deutsche Bank has incurred attorney's fees and costs totaling $2,050.00. *Id.* at ¶ 15.

### B. Procedural History.

Deutsche Bank filed its complaint to foreclose Messervey's Mortgage on September 27, 2012, alleging that she was in default due to her failure to submit monthly payments from April 1, 2012, through the present. On July 1, 2013, Deutsche Bank filed its Motion for Summary Judgment.[3]

## II. DISCUSSION

Deutsche Bank moves for summary judgment for foreclosure of Messervey's Mortgage. "Summary judgment is appropriate if the evidence demonstrates that there is 'no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law.'" Fed R. Civ. P. 56(a); *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). A party "may move for summary judgment by showing … that there is an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013) (citing *Celotex*, 477 U.S. at 317 (internal quotations omitted)). Although Messervey failed to respond to Deutsche Bank's Motion for Summary judgment, "a nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1 does not … automatically result in judgment

---

[3] The matter is properly before the Court under diversity jurisdiction pursuant to 28 U.S.C. § 1332. Per the Complaint, Messervey is a citizen of Illinois and Deutsche Bank is a national association chartered under the laws of New York, with its principal place of business and headquarters in New York. The Court notes that Deutsche Bank stated in its 56.1(a) Statement, however, that it is a national association chartered in Ohio, with its principal place of business and headquarters in Ohio. Pl.'s 56.1(a) Stmt. ¶ 12. Despite the inconsistent statement of its citizenship, diversity jurisdiction is maintained. The amount in controversy—$339,662.05 plus other fees—exceeds the statutory minimum.

for the movant." *Keeton*, 667 F.3d at 884 (citing *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)). The moving party "must still demonstrate that [it is] entitled to judgment as a matter of law." *Id.* (citing *Raymond*, 442 F.3d at 608).

In Illinois, foreclosure proceedings are governed by the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15 *et seq.*[4] The law defines mortgage as "any consensual lien created by a written instrument which grants or retains an interest in real estate to secure a debt or other obligation." 735 ILCS 5/15-1207. "To foreclose" means "to terminate legal and equitable interests in real estate pursuant to a foreclosure." 735 ILCS 5/15-1203. The law also requires that the complainant attach a copy of the Note and Mortgage to its complaint. 735 ILCS 5/15-1504(a)(2). A copy of the Note and Mortgage, as well as the Assignment, was attached to Deutsche Bank's complaint.

Deutsche Bank has shown that Messervey defaulted under the terms of the Note and Mortgage. As an initial matter, Deutsche Bank's ownership of the Note is shown by its possession as well as by the Assignment of Mortgage document attached to the Complaint. In 2006, Messervey was lent approximately $315,000 by Saxon Mortgage, which immediately assigned the Mortgage to Deutsche Bank. The Mortgage unambiguously permits Deutsche Bank to require immediate payment in full from Messervey if her default is not cured and further permits Deutsche Bank to foreclose on the property by judicial proceeding. Deutsche Bank has demonstrated that Messervey failed to make payments due on the Mortgage from April 1, 2012, through the present, a fact that Messervey herself admits. Def.'s Answer ¶ 5 (ECF No. 19) ("I am behind on payments because … I did not have funds to pay my mortgage."). Furthermore,

---

[4] The Illinois Legislature amended certain sections of the Illinois Mortgage Foreclosure Law pursuant to 2013 Ill. Legis. Serv. P.A. 98-514 (S.B. 56), which becomes effective November 19, 2013. The amendments, however, do not affect any of the language the Court cites in this opinion.

Messervey has made no evidentiary showing that suffices to establish that a genuine issue of fact exists.

* * *

In sum, Deutsche Bank has demonstrated, and Messervey has not contested, that it is entitled to the payments set forth in its Motion for Summary Judgment. As a result, the Court grants summary judgment for Deutsche Bank, and awards in its favor the principal balance of $339,662.05, attorney's fees and costs totaling $2,050.00, and other relief set forth more fully in the separate judgment order entered this date. Furthermore, for the purposes of the sale, the Court grants Deutsche Bank's motion to appoint a special commissioner (ECF No. 24), the Judicial Sales Corporation.

Entered: November 13, 2013

John J. Tharp, Jr.
United States District Judge